# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA



**FILED**

MAR 09 2026



CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

AJAY KAPIL,
Plaintiff,

v.

LEVI STRAUSS & CO.,
Defendant.

Case No. **C 26 01999** NC

**COMPLAINT FOR DISCRIMINATION, RETALIATION, AND WRONGFUL
TERMINATION
(JURY TRIAL DEMANDED)**

## INTRODUCTION

1. Plaintiff Ajay Kapil brings this action against Levi Strauss & Co. for unlawful discrimination, retaliation, and wrongful termination in violation of federal employment laws.

2. Defendant terminated Plaintiff's employment while representing that his role was being eliminated as part of a workforce reduction.

3. Defendant subsequently continued to staff substantially similar responsibilities through contractor or replacement personnel, demonstrating that the stated reason for termination was pretextual.

4. Plaintiff seeks damages and equitable relief resulting from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §1331 because this action arises under federal employment discrimination statutes.

6. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA).

7. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission.

8. Plaintiff received a Notice of Right to Sue from the EEOC.

9. This action is filed within ninety (90) days of Plaintiff's receipt of the Right-to-Sue notice.

10. Venue is proper in this District because Defendant maintains its headquarters in San Francisco, California and the unlawful employment practices occurred within this District.

## PARTIES

11. Plaintiff Ajay Kapil resides in Santa Clara County, California.

12. Defendant Levi Strauss & Co. is a corporation headquartered in San Francisco, California.

13. At all relevant times Defendant employed Plaintiff and exercised control over the terms and conditions of Plaintiff's employment.

2

## FACTUAL ALLEGATIONS

14. Plaintiff was employed by Defendant in a senior product management role responsible for experimentation and digital optimization initiatives.

15. Plaintiff possessed significant experience in product management and experimentation platforms.

16. Plaintiff performed his job duties satisfactorily and was not subject to performance discipline justifying termination.

17. Plaintiff engaged in protected activity related to workplace and employment matters.

18. Following this protected activity, Defendant subjected Plaintiff to adverse employment actions.

19. Defendant informed Plaintiff that his role was being eliminated as part of a workforce reduction.

20. However, Defendant subsequently staffed substantially similar responsibilities through contractor or replacement personnel.

21. Defendant's actions contradict the claim that Plaintiff's role was genuinely eliminated.

22. Defendant's stated reason for termination was therefore pretextual.

23. Defendant produced an Older Workers Benefit Protection Act (OWBPA) disclosure identifying employees considered and selected for termination within the decision unit.

24. The statistical data contained in that disclosure reflects that a significant majority of employees selected for termination were age forty or older.

25. Plaintiff was within the protected age group at the time of termination.

26. The statistical distribution therefore raises concerns regarding whether age was a factor in termination decisions affecting Plaintiff's position.

27. Plaintiff continues to investigate Defendant's conduct and reserves the right to amend this Complaint as permitted under the Federal Rules of Civil Procedure.

## CLAIMS FOR RELIEF

COUNT I – Employment Discrimination (Title VII)

28. Defendant discriminated against Plaintiff with respect to the terms and conditions of employment.

3

29. Defendant's conduct violated Title VII of the Civil Rights Act.

COUNT II – Retaliation

30. Plaintiff engaged in protected activity.

31. Defendant retaliated against Plaintiff by terminating his employment.

COUNT III – Age Discrimination (ADEA)

32. Plaintiff was over forty years of age at the time of the adverse employment action.

33. Defendant discriminated against Plaintiff on the basis of age in violation of the ADEA.

## DAMAGES

34. Plaintiff suffered damages including lost wages, lost benefits, emotional distress, and loss of future career opportunities.

35. Plaintiff seeks all remedies available under federal law.

## PRAYER FOR RELIEF

36. Back pay and lost benefits.

37. Front pay or reinstatement where appropriate.

38. Compensatory damages.

39. Punitive damages where permitted.

40. Costs and attorney's fees.

41. Any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## EXHIBIT INDEX

Exhibit A – EEOC Right-to-Sue Letter

Exhibit B – OWBPA Schedule A Statistical Summary

5

**SIGNATURE**

*Ajay Kapil*

**Date:** 03/09/2026

Ajay Kapil
Plaintiff, Pro Se
378 Dale Drive
San Jose, California 95127
Email: ajaykmc@gmail.com
Phone: (408) 813-6345

6

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

San Francisco District Office
450 Golden Gate Avenue 5 West, PO Box 36025
San Francisco, CA 94102
(650) 684-0910
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/10/2025

**To:** Mr. Ajay Kapil
378 Dale Drive
San Jose, CA 95127
Charge No: 550-2025-02631

*EEOC Representative and email:*    Thea Galli
Equal Opportunity Investigator
thea.galli@eeoc.gov

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 550-2025-02631.

On behalf of the Commission,

Digitally signed by WARREN CHEN
Date: 2025.12.10 14:20:03 -08'00'

FOR:  Christopher Green
District Director

EXHIBIT A

**Cc:**
**LEVI STRAUSS & CO.**
**1155 BATTERY ST**
**SAN FRANCISCO, CA 94111**

**David Cardiff, Esq.**
**Associate General Counsel**
**Levi Strauss & Co**
**1155 Battery Street**
**San Francisco, CA 94111**

**Please retain this Notice for your records.**

EXHIBIT A

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

EXHIBIT A

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 550-2025-02631 to the District Director at Christopher Green, 450 Golden Gate Avenue 5 West PO Box 36025, San Francisco, CA 94102.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 550-2025-02631 to the District Director at Christopher Green, 450 Golden Gate Avenue 5 West PO Box 36025, San Francisco, CA 94102.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

EXHIBIT A

# EXHIBIT B

## SUMMARY OF OWBPA SCHEDULE A DISCLOSURE DATA

Plaintiff Ajay Kapil submits this exhibit to reference statistical data produced by Levi Strauss & Co. in connection with a workforce reduction affecting Plaintiff's position. As part of the separation process, Defendant provided an Older Workers Benefit Protection Act (OWBPA) disclosure, commonly referred to as "Schedule A," identifying employees considered and selected for termination within the relevant decision unit.

### Workforce Considered for Termination

| Category | Number of Employees |
|---|---|
| Employees considered for termination | 861 |
| Employees selected for termination | 30 |
| Employees not selected | 831 |

### Age Distribution of Employees Selected

| Age Category | Employees Selected |
|---|---|
| Age 40 or older | 22 |
| Under age 40 | 8 |

### Observations Based on the Disclosure

• A significant majority of employees selected for termination were age 40 or older.
• Plaintiff was within the protected age group at the time of termination.
• The statistical distribution reflected in Defendant's OWBPA disclosure raises questions regarding whether age was a factor in termination decisions affecting Plaintiff's position.

Plaintiff includes this summary to reference Defendant's workforce reduction disclosure and to preserve statistical evidence relevant to Plaintiff's claims under the Age Discrimination in Employment Act. Plaintiff reserves the right to present additional statistical analysis and supporting evidence following discovery.

Date: March 9, 2026

Ajay Kapil
Plaintiff, Pro Se